IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GABRIEL SALAS,[1] § <br> aka Gabriel Salascio and § <br> Gabriel Paul Salas, § <br> (Tarrant No. 0565059), § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> BILL WAYBOURN, Sheriff, § <br> Tarrant County, Texas, § <br> § <br> Defendant. § | Civil Action No. 4:23-cv-539-O |

## ORDER DISMISSING CASE

ON THIS DATE, came on to be considered the papers and pleadings filed in this action and the Court finds and orders as follows:

Plaintiff Gabriel Salas, an inmate confined in the Tarrant County Jail in Fort Worth, Texas, filed this action pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff seeks leave to proceed *in forma pauperis* under the provisions of 28 U.S.C. § 1915. ECF No. 2. The lone defendant is Bill Waybourn, Sheriff, Tarrant County, Texas. Compl.1, ECF No. 1. Plaintiff's claims arise from a March 2023 arrest while he was in JPS Hospital and resulting removal of his property that has been returned to him. Compl. 4, ECF No. 1. He seeks a hearing and return of his car title and car keys. *Id.*

28 U.S.C. § 1915(g) provides that:

---

[1] Because Plaintiff has filed suits in this Court under other names, the Clerk of Court is directed to add "aka Gabriel Salascio and Gabriel Paul Salas" to the listing of Plaintiff on the docket.

-1-

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Gabriel Salas, filing under that name and several other names, while housed in the Tarrant County Jail as inmate number 0565059, has filed numerous cases. In fact, at least three of Plaintiff's prior civil cases, filed under the names Gabriel Salas or Gabriel Paul Salas while he was incarcerated, have been dismissed as frivolous. *See Salas v. Haspel, Et Al.*, No.4:19-cv-500-A (N.D. Tex. June 28, 2019) (order dismissing claims under 28 U.S.C. § 1915A(b)(1)); *Salas v. Haspel, Et Al.,* No.4:19-cv-380-O (N.D. Tex. May 21, 2019) (order dismissing under 28 U.S.C. § 1915(e)(2)(B)(i)); *Salas v. Alvarez*, No.4:15-cv-341-A (N.D. Tex. June 30, 2015) (order dismissing claims under 28 U.S.C. § 1915A(b)); *see also Salas v. Wilson*, No. 4:20-cv-012-P (N.D. Tex. January 27, 2021) (listing the prior cases dismissed as frivolous, rejecting claims that Plaintiff was then under imminent danger of physical injury, and thus finding Salas barred from proceeding in forma pauperis).

Review of the complaint filed in the instant case reflects that Salas has failed to present any allegation that could establish he is under imminent danger of serious physical injury. Although he recites the sentence "I am indigent and have irreparable injuries" (Compl. 4, ECF No. 1), Salas does not further state any facts of a threat of imminent danger of serious physical

injury. As a result, the Court finds that Plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g).[2]

For the foregoing reasons, this case is **DISMISSED** as barred by the three strikes provision of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). This dismissal is without prejudice to Plaintiff's right to reopen the case if he pays the $402.00 filing and administrative fees [3] and files a motion to reopen within thirty days of the date of this order.

Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED**.

**SO ORDERED** this **1st day** of **June, 2023.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[2]In another prior suit, Salas was denied the right to proceed in forma pauperis due to the three strikes, and because his substantive claims of having a chip implanted in his body were fantastic and delusional, the claims were also dismissed as frivolous. *See Salas v. Haspel*, No. 4:19-CV-1035-A (N.D. Tex. Dec. 18, 2019) (Order and Judgment).

[3]In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule requires payment of an administrative fee of $52.00 for filing a civil action in district court. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14. This results in total fees of $402 for a civil action.